**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security       0 Assumption of Executory Contract or Unexpired Lease       0 Lien Avoidance

Last revised: August 1, 2020

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re: Nikeisha L. Mays

Case No.: 19-17194
Judge:

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original
☐ Motions Included

■ Modified/Notice Required
☐ Modified/No Notice Required

Date: 01-11-21

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> The following matters may be of particular importance. *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ■ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ■ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ■ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

Initial Debtor(s)' Attorney **BST**          Initial Debtor: **NLM**          Initial Co-Debtor _____

## Part 1: Payment and Length of Plan

a. The debtor shall pay **150.00 Monthly** to the Chapter 13 Trustee, starting on **May 01, 2020** for approximately **48** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ■ Future Earnings
- ☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection          **X** NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Brian S. Thomas | Attorney Fees | 2,500.00 |
| Gloucester County Probation | Domestic support obligations | 0.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
- ■ None
- ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim

2

pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ■ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### c. Secured claims excluded from 11 U.S.C. 506: ■ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ■ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

3

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ■ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

### f. Secured Claims Unaffected by the Plan ☐ NONE

The following secured claims are unaffected by the Plan:

Creditor
**CitiMortgage**

### g. Secured Claims to be Paid in Full Through the Plan ■ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:
- ☐ Not less than $___ to be distributed *pro rata*
- ☐ Not less than ___ percent
- ■ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| Ricky Williams | | Paid 100% | 610.60 |

## Part 6: Executory Contracts and Unexpired Leases ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7: Motions ☒ NONE

**NOTE:** All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

### a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). ■ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

### b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ■ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

### c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ■ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8: Other Plan Provisions

### a. Vesting of Property of the Estate
■ Upon Confirmation
☐ Upon Discharge

### b. Payment Notices
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☐ is, ■ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

### Part 9: Modification  ☐ NONE

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified:.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| REMOVE MODIFICATION ALREADY OBTAINED AMEND PART 1C | REMOVE MODIFICATION ALREADY OBTAINED AMEND PART 1D |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ■ No

### Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
■ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

### Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 1-11-21

/s/ Nikeisha L. Mays
Nikeisha L. Mays
Debtor

Date:

Joint Debtor

Date

/s/ Brian S. Thomas
Brian S. Thomas
Attorney for the Debtor(s)

United States Bankruptcy Court

District of New Jersey

In re:                                                                                              Case No. 19-17194-JNP
Nikeisha L. Mays                                                                                    Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0312-1                    User: admin                                Page 1 of 3
Date Rcvd: Feb 08, 2021                 Form ID: pdf901                            Total Noticed: 30

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

++          Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4).

\##          Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 10, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Nikeisha L. Mays, 219 Florence Avenue, Atco, NJ 08004-2356 |
| 518171723 | + | CitiMortgage, PO Box 9442, Gaithersburg, MD 20898-9442 |
| 518221631 | + | Credit Acceptance Corporation, John R. Morton, Jr., Esquire, 110 Marter Avenue, Suite 301, Moorestown, NJ 08057-3124 |
| 518531808 | + | Fairleigh Dickinson University, 1000 River Road, Teaneck, NJ 07666-1939 |
| 518531810 | | Gloucester County Probation, Re: Ricky Williams, PO Box 638, Bridgeton, NJ 08302 |
| 518171727 | | KML Law Group, PC, 216 Haddon Avenue, Westmont, NJ 08108 |
| 518305542 | + | MidFirst Bank, 999 NorthWest Grand Boulevard, Oklahoma City, OK 73118-6051 |
| 518171729 | + | Midland Mortgage Company, PO Box 26648, Oklahoma City, OK 73126-0648 |
| 518531811 | + | Ricky Williams, Gloucester County Probation, PO Box 638, Woodbury, NJ 08096-7638 |
| 518531807 | + | Rowan College, 601 Pemberton Browns Mills Road, Pemberton, NJ 08068-1536 |
| 518171734 | + | The Bureaus, Inc., 1717 Central, Evanston, IL 60201-1507 |
| 518171735 | + | Trojan Professional, 4410 Cerritos Avenue, Los Alamitos, CA 90720-2549 |
| 518171736 | + | USAA, PO Box 33009, San Antonio, TX 78265-3009 |

TOTAL: 13

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: usanj.njbankr@usdoj.gov | Feb 08 2021 20:51:00 | U.S. Attorney, 970 Broad St., Room 502, Rodino Federal Bldg., Newark, NJ 07102-2534 |
| smg | + | Email/Text: ustpregion03.ne.ecf@usdoj.gov | Feb 08 2021 20:51:00 | United States Trustee, Office of the United States Trustee, 1085 Raymond Blvd., One Newark Center, Suite 2100, Newark, NJ 07102-5235 |
| 518267179 | | Email/Text: bnc@atlasacq.com | Feb 08 2021 20:50:00 | Atlas Acquisitions LLC, 492C Cedar Lane, Ste 442, Teaneck NJ 07666 |
| 518183691 | | Email/Text: ebnnotifications@creditacceptance.com | Feb 08 2021 20:50:00 | Credit Acceptance, 25505 West 12 Mile Road, Southfield, MI 48034 |
| 518171722 | + | Email/PDF: AIS.cocard.ebn@americaninfosource.com | Feb 08 2021 23:07:19 | Capital One, PO Box 30285, Salt Lake City, UT 84130-0285 |
| 518171723 | + | Email/PDF: Citi.BNC.Correspondence@citi.com | Feb 08 2021 23:03:23 | CitiMortgage, PO Box 9442, Gaithersburg, MD 20898-9442 |
| 518171724 | + | Email/Text: ebnnotifications@creditacceptance.com | Feb 08 2021 20:50:00 | Credit Acceptance, PO Box 5070, Southfield, MI 48086-5070 |
| 518171725 | | Email/Text: mrdiscen@discover.com | Feb 08 2021 20:50:00 | Discover, PO Box 15316, Wilmington, DE 19850 |
| 518183469 | | Email/Text: mrdiscen@discover.com | Feb 08 2021 20:50:00 | Discover Bank, Discover Products Inc, PO Box 3025, New Albany, OH 43054-3025 |
| 518171726 | | Email/Text: JCAP_BNC_Notices@jcap.com | Feb 08 2021 20:51:00 | Jefferson Capital, 16 McLeland Road, Saint Cloud, |

Case 19-17194-JNP  Doc 53  Filed 02/10/21  Entered 02/11/21 00:15:41  Desc Imaged
Certificate of Notice  Page 8 of 9

| District/off: 0312-1 | User: admin | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Feb 08, 2021 | Form ID: pdf901 | Total Noticed: 30 |

| Recip ID | Bypass | Notice Method | Date/Time | Name and Address |
|---|---|---|---|---|
| | | | | MN 56303 |
| 518255577 | | Email/Text: JCAP_BNC_Notices@jcap.com | Feb 08 2021 20:51:00 | Jefferson Capital Systems LLC, Po Box 7999, Saint Cloud Mn 56302-9617 |
| 518297669 | + | Email/Text: bankruptcydpt@mcmcg.com | Feb 08 2021 20:51:00 | MIDLAND FUNDING LLC, PO Box 2011, Warren, MI 48090-2011 |
| 518305542 | + | Email/PDF: ais.midfirst.ebn@americaninfosource.com | Feb 08 2021 23:05:49 | MidFirst Bank, 999 NorthWest Grand Boulevard, Oklahoma City, OK 73118-6051 |
| 518171728 | + | Email/Text: bankruptcydpt@mcmcg.com | Feb 08 2021 20:51:00 | Midland Funding, LLC, 2365 Northside Drive, Suite 300, San Diego, CA 92108-2709 |
| 518171729 | + | Email/PDF: ais.midfirst.ebn@americaninfosource.com | Feb 08 2021 22:55:52 | Midland Mortgage Company, PO Box 26648, Oklahoma City, OK 73126-0648 |
| 518171730 | + | Email/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM | Feb 08 2021 20:50:00 | New York and Company, PO Box 182122, Columbus, OH 43218-2122 |
| 518171732 | + | Email/PDF: gecsedi@recoverycorp.com | Feb 08 2021 23:05:46 | Synchrony Bank, PO Box 965036, Orlando, FL 32896-5036 |
| 518174095 | + | Email/PDF: gecsedi@recoverycorp.com | Feb 08 2021 22:55:42 | Synchrony Bank, c/o of PRA Receivables Management, LLC, PO Box 41021, Norfolk, VA 23541-1021 |
| 518171733 | + | Email/PDF: gecsedi@recoverycorp.com | Feb 08 2021 22:55:42 | Synchrony Bank/Walmart, PO Box 965024, Orlando, FL 32896-5024 |
| 518292064 | + | Email/PDF: EBN_AIS@AMERICANINFOSOURCE.COM | Feb 08 2021 23:06:04 | Verizon, by American InfoSource as agent, 4515 N Santa Fe Ave, Oklahoma City, OK 73118-7901 |

TOTAL: 20

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | *P++ | CREDIT ACCEPTANCE CORPORATION, 25505 WEST 12 MILE ROAD, SOUTHFIELD MI 48034-8316, address filed with court:, Credit Acceptance Corporation, 25505 West 12 Mile Road, Southfield, MI 48034 |
| 518285280 | *P++ | ATLAS ACQUISITIONS LCC, 492C CEDAR LANE SUITE 442, TEANECK NJ 07666-1713, address filed with court:, Atlas Acquisitions LLC, 492C Cedar Lane,Ste 442, Teaneck NJ 07666 |
| 518531809 | *P++ | ATLAS ACQUISITIONS LCC, 492C CEDAR LANE SUITE 442, TEANECK NJ 07666-1713, address filed with court:, Atlas Acquisitions, LLC, 492C Cedar Lane,Ste 442, Teaneck NJ 07666 |
| 518171731 | ##+ | Security Credit Services, 2653 West Oxford Loop, Oxford, MS 38655-2929 |

TOTAL: 0 Undeliverable, 3 Duplicate, 1 Out of date forwarding address

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 10, 2021          Signature:     /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 5, 2021 at the address(es) listed**

below:

| Name | Email Address |
| --- | --- |
| Brian S. Thomas | on behalf of Debtor Nikeisha L. Mays brian@brianthomaslaw.com |
| Denise E. Carlon | on behalf of Creditor MIDFIRST BANK dcarlon@kmllawgroup.com bkgroup@kmllawgroup.com |
| Isabel C. Balboa | on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com summarymail@standingtrustee.com |
| Isabel C. Balboa | ecfmail@standingtrustee.com summarymail@standingtrustee.com |
| John R. Morton, Jr. | on behalf of Creditor Credit Acceptance Corporation ecfmail@mortoncraig.com mortoncraigecf@gmail.com |
| Kevin Gordon McDonald | on behalf of Creditor MIDFIRST BANK kmcdonald@kmllawgroup.com bkgroup@kmllawgroup.com |
| U.S. Trustee | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 7